IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LORI McGURN and TODD McGURN, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-01067-O-BP |
| § | |
| MATTHEW DAVID LEMIRE, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the *pro se* Defendant's Motion to Dismiss (ECF No. 8), *pro se* Plaintiffs' Response (ECF No. 10), and Defendant's Status Report (ECF No. 12). Having considered the pleadings, the status report, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion without prejudice to permit the Attorney General of the United States to determine whether to certify Defendant's scope of employment allowing for the government's replacement as the proper defendant in this case.

**I.   BACKGROUND**

On November 25, 2017, then Private First Class Todd McGurn ("McGurn") died from a wound received during a training maneuver while on active duty with the United States Army in or near Baghdad, Iraq. ECF No. 6 at 1-2. He died after a fellow soldier, Sergeant Matthew Lemire ("Lemire"), fired a live round of ammunition that hit him. *Id.* at 4-6. McGurn's parents, Lori McGurn and Todd McGurn ("the McGurns"), now seek to recover damages from Lemire. ECF No. 6.

Both McGurn and Lemire participated in the training exercise with other soldiers in their unit "covering techniques in the entry of buildings" and "clearing antagonistic belligerents." *Id.* at 4. The exercise was not scheduled in advance because the company commanders were absent. *Id.* at 4-5. The unit had already gone through a few drills in clearing buildings when Lemire's gun fired and hit McGurn, who later died of his injuries. *Id.* at 5-6. The army investigated the incident and found that Lemire and army commanders had "acted in negligence." *Id.* at 6. A court martial found Lemire guilty of involuntary manslaughter and negligent homicide under Articles 119 and 134 of the Uniform Code of Military Justice. *Id.* The court sentenced Lemire to twenty-four months confinement, and he was released on or about September 17, 2020. *Id.*

The McGurns filed the instant suit to recover for their son's wrongful death on December 1, 2022. ECF No. 1. Lemire moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), alleging that he is not the proper defendant pursuant to 28 U.S.C. § 2679, a provision of the law commonly known as the Westfall Act. ECF No. 8 at 1-2. The Westfall Act permits the Attorney General to certify that a federal employee defendant was acting in the scope of his employment at the time of the incident at issue and to substitute the United States as the proper defendant in the suit. 28 U.S.C. § 2679(d). In his Motion, Lemire states that he is "currently enrolled in the certification process pursuant to 28 C.F.R. §§ 50.15, 15,1, 15.4 to obtain the necessary certification." ECF No. 8 at 6.

When no certification was forthcoming, the undersigned ordered Lemire to file a status report concerning his efforts to obtain the certification, which he filed on May 16, 2023. ECF No. 12. Lemire reports that he has diligently tried to get an update, but has not yet been able to obtain the certification or notice from the Attorney General that he declined to make the certification. *Id.* at 1-3. Lemire's Motion is now ripe for review.

II.     **LEGAL STANDARDS**

   A.     **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the allegations in the complaint are true." *Id.*

When examining the pleadings of *pro se* parties, courts have wide interpretive latitude. "'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers….'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Nonetheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

District courts "can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff… and ask

3

whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, courts may consider documents outside the complaint that are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit recommends suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An "incurable defect" may arise when a complaint's facts are "not actionable as a matter of law." *Taubenfeld v. Hotels.com*, 385 F. Supp. 587, 592 (N.D. Tex. 2004). In such

situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

  **B.**  **28 U.S.C. § 2679**

"The Westfall Act grants a federal employee suit immunity ... when acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Osborn v. Haley*, 549 U.S. 225, 247 (2007) (quoting 28 U.S.C. § 2679(d)(1) (quotation marks omitted). Under the Westfall Act, the Attorney General or his designee may certify "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Bolton v. United States*, 946 F.3d 256, 259 (5th Cir. 2019) (quoting § 2679(d)(2)). Upon certification, the suit "shall be deemed to be an action or proceeding brought against the United States" under the Federal Tort Claims Act ("FCTA"). *Id.* (quoting § 2679(d)(2)). An FTCA action cannot proceed "unless the claimant shall have first presented the claim to the appropriate Federal agency." *Id.* at 259-260 (quoting 28 U.S.C. § 2675(a)).

  **C.**  **28 C.F.R. § 50.15**

The Attorney General has promulgated regulations governing the representation of federal employees by government-provided legal counsel in certain proceedings in which those employees are sued or subpoenaed in their individual capacity. *See* 28 C.F.R. §§ 50.15-50.16 (1982). Statutory authority for the regulations lies in 28 U.S.C. §§ 516–517 (1976) (reserving conduct of litigation involving federal officers to the Attorney General and permitting him to send officers of the Department of Justice into court to attend to the interests of the United States).

In general, the regulations provide that a federal employee may receive legal representation at government expense if such representation is in the interests of the United States and the conduct for which the employee seeks representation was committed within the scope of his employment.

*See* 28 C.F.R. § 50.15(a) (2023). Unless it determines that representation is clearly unwarranted, the officer's employing agency must report to the Department of Justice whether the employee was acting within the scope of his employment, and whether the agency recommends representation in his case. *Id.* § 50.15(a)(1). Under certain circumstances in which representation by Department of Justice attorneys would be ethically inappropriate, the government may provide private counsel to the employee at public expense. *Id.* §§ 50.15(a)(9)-(10), 50.16. *Falkowski v. E.E.O.C.,* 719 F.2d 470, 478 (D.C. Cir. 1983), *cert. granted, judgment vacated sub nom. U.S. Dep't of Just. v. Falkowski,* 471 U.S. 1001 (1985).

### III. ANALYSIS

In his Motion, Lemire contends that he was an employee of the United States government during all of the circumstances surrounding McGurn's death and that the United States should be substituted for him as the appropriate defendant. ECF No. 8 at 4. The McGurns do not argue that Lemire was not on active duty when the events at issue occurred, but they do deny that Lemire was acting within the course and scope of his employment with the army at that time. ECF No. 10 at 8-9. They assert that judicial review is appropriate to determine whether Lemire was acting within the scope of his employment. *Id.* at 9; *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

The Attorney General or his designee's certification for the purpose of substituting the United States as a defendant is judicially reviewable. *Gutierrez de Martinez*, 515 U.S. at 434. The plaintiff has the burden of showing "that the defendant's conduct was not within the scope of his or her employment." *Id.* However, in this case the Attorney General has not yet determined or notified the parties whether he certifies that Lemire was acting within the scope of his employment at the relevant time and whether the United States should be substituted for Lemire as the proper

defendant. Although the Attorney General's certification is not dispositive, *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995) (en banc)*,* still it is appropriate for the Attorney General to have an adequate opportunity to make his certification under the Westfall Act or decline to do so. Prior to that time, judicial review of the issue of applicability of the Act is premature. This is particularly so in a case such as this one where all of the parties are proceeding without legal representation.

## IV.    CONCLUSION

The Attorney General has not yet certified certification under the Westfall Act that Lemire was acting within the scope of employment when McGurn was killed or that he declined to make a certification. Until the Attorney General takes some action on Lemire's request for certification, the Court should not dismiss the McGurns' action against Lemire. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Lemire's Motion to Dismiss (ECF No. 8), without prejudice to Lemire's right to reassert it after the Attorney General has made a proper certification of scope of employment under the Westfall Act or expressly declined to make such a certification.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 3, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE