IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LORI McGURN and TODD McGURN,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-01067-O-BP |
| § | |
| **MATTHEW DAVID LEMIRE,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the United States of America's Amended Status Report and Notice of Certification Pursuant to the Westfall Act for Substitution of the United States as Defendant. ECF No. 18. In their First Amended Complaint, Plaintiffs pursue Defendant Lemire for (1) a Fourteenth Amendment substantive due process claim for loss of companionship; and (2) a wrongful death action for negligence. ECF No. 6 at 7-8.

Under the Federal Tort Claims Act, "a suit against the United States is the exclusive remedy for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment.'" *Rankin v. United States*, 556 F. App'x 305, 308 (5th Cir. 2014) (quoting 28 U.S.C. § 2679(b)(1)). "Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded." 28 U.S.C.A. § 2679(b)(1) (2023). This does not "apply to a civil action . . . which is brought for a violation of the Constitution[.]" *Id*. (b)(2).

If the Attorney General certifies "that the defendant employee was acting within the scope of his office or employment at the time of the incident[,]" any civil action "shall be deemed an

action against the United States . . . , and the United States shall be substituted as the party defendant." *Id.* (d)(1). Here, the government certified that Defendant Lemire was acting in the scope of his "employment as an employee of the United States government at the time of the incident(s) out of which the claims arose." ECF No. 17.

Accordingly, with respect to Plaintiffs' wrongful death claim only, the undersigned **RECOMMENDS** that the Court order that the United States be substituted as the sole defendant. This substitution does not affect Plaintiffs' claim against Defendant under the Fourteenth Amendment since that claim alleges a constitutional violation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 7, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE