IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LORI McGURN and TODD McGURN,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 4:22-cv-01067-O-BP |
| § | |
| **MATHEW DAVID LEMIRE and THE** § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiffs' Amended Complaint (ECF No. 6); the Motion to Dismiss and Brief in Support filed by Defendant The United States of America ("USA") (ECF No. 25); Plaintiffs' responsive pleadings (ECF Nos. 28-30); and USA's Reply (ECF No. 32). On December 1, 2022, this case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Plaintiffs' claim against USA **with prejudice**.

**I.      BACKGROUND**

On November 25, 2017, then Private First Class Todd McGurn ("McGurn") died from a wound received during a training maneuver while on active duty with the United States Army in or near Baghdad, Iraq. ECF No. 6 at 1-2. He died after a fellow soldier, Sergeant Matthew Lemire ("Lemire"), fired a live round of ammunition that hit him. *Id.* at 4-6. McGurn's parents, Lori McGurn and Todd McGurn ("the McGurns"), now seek to recover damages from Lemire and USA. ECF Nos. 6, 21.

Both McGurn and Lemire participated in the training exercise with other soldiers in their unit "covering techniques in the entry of buildings" and "clearing [] the [] structure[s] of antagonistic belligerents." *Id.* at 4. The exercise was not scheduled in advance because the company commanders were absent. *Id.* at 4-5. The unit had already gone through a few drills in clearing buildings when Lemire's gun fired and hit McGurn. *Id.* at 5-6. The army investigated the incident and found that Lemire and army commanders had "acted in negligence." *Id.* at 6. A court martial found Lemire guilty of involuntary manslaughter and negligent homicide under Articles 119 and 134 of the Uniform Code of Military Justice. *Id.* The court sentenced him to twenty-four months confinement, and he was released on or about September 17, 2020. *Id.*

On December 1, 2022, the McGurns filed suit against Lemire, asserting both a state-law wrongful death claim for negligence and a Fourteenth Amendment claim for loss of companionship. ECF No. 1. Following USA's Westfall Act certification (ECF No. 18), Judge O'Connor ordered that USA be substituted as the sole defendant in the McGurns' wrongful death claim pursuant to 28 U.S.C. § 2679. ECF No. 21. USA now moves to dismiss that claim, arguing that the Federal Tort Claims Act ("FTCA") does not waive sovereign immunity here and, alternatively, that the foreign-country exception bars the McGurns' tort claim. ECF No. 25.

## II.   LEGAL STANDARDS

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v.*

2

*Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "[W]hether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject matter jurisdiction[] and may therefore be resolved on a" Federal Rule of Civil Procedure 12(b)(1) motion to dismiss. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (internal citations omitted).

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss for lack of subject matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). When confronted with a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). Rule 12(b)(1) motions present either "facial" or "factual" attacks. *Brown v. Peterson*, No. 7:03-cv-0205, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006). Where, as here, the motion is "based on the complaint alone," the attack is facial, and the undersigned must "merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th

Cir.1981)); *see also Parks v. Hinojosa*, No. 4:21-cv-00111-O, 2021 WL 1720219, at *2 (N.D. Tex. Apr. 30, 2021) (explaining that Rule 12(b)(1) motions are presumptively facial attacks). Dismissals for lack of subject matter jurisdiction do not concern a case's merits and are therefore without prejudice. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984).

### III.   ANALYSIS

"The United States may only be sued to the extent it waives sovereign immunity." *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991). The United States through the FTCA "waived its sovereign immunity in certain specified classes of torts claims." *Id*. But the Court has held that the FTCA's waiver does not extend to "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950). This is known as the *Feres* Doctrine, and in the Fifth Circuit, it "bars all lawsuits based on injuries incident to military service." *Morris v. Thompson*, 852 F.3d 416, 420 (5th Cir. 2017). This includes state law claims and suits brought by military family members. *Id*.; *United States v. Johnson*, 481 U.S. 681, 687-88 (1987).

To determine whether an injury was incident to military service, courts in this circuit consider: "(1) the duty status of the service member; (2) the place where the injury occurred; and (3) the activity in which the service member was engaged at the time of the injury." *Morris*, 852 F.3d at 421. The facts of this case involve actions taken by two active-duty service members, on base in or near Baghdad, Iraq, during a military training function. ECF No. 6 at 1-4. "The [McGurns'] claims are thus incident to service, and *Feres* applies[.]" *See id.*

The McGurns argue that "the *Feres* doctrine does not bar state-law claims heard in [f]ederal [c]ourt under [d]iversity [j]urisdiction." ECF No. 30 (emphasis removed). But in the case they cite, the First Circuit (like the Fifth Circuit in *Morris*) "conclude[s] that *Feres* bars . . . state claims

4

against the United States[.]" *Day v. Massachusetts Air Nat. Guard*, 167 F.3d 678, 681 (1st Cir. 1999).

Further, as discussed above, the Attorney General certified that Lemire was acting within the scope of his employment at the time of the incident at issue. ECF No. 18 Upon that certification, the action "shall be deemed an action against the United States under the provisions *of this title*[.]" 28 U.S.C. § 2679(d)(1). Thus, "the Government becomes the sole party defendant, and the FTCA's requirements, exceptions, and defenses apply to the suit." *Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008). Therefore, the McGurns's argument lacks merit, and the *Feres* Doctrine bars their wrongful death claim. Accordingly, Judge O'Connor should dismiss the McGurns's claim against USA under the FTCA without prejudice.

Alternatively, USA argues that the McGurns's claim is precluded because the FTCA's waiver of sovereign immunity expressly excludes "[a]ny claim arising in a foreign country." ECF No. 25 at 9 (citing 28 U.S.C. § 2680(k)). The McGurns acknowledge this argument and do not dispute it. ECF No. 30. Accordingly, this serves as an independent basis for dismissal without prejudice.

### IV. CONCLUSION

Because USA has not waived its sovereign immunity to the McGurns's claim against it, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant The United States of America's Motion to Dismiss (ECF No. 25) and **DISMISS** the McGurns' wrongful death claim **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 12, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE