IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LORI McGURN and TODD McGURN,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-1067-O-BP |
| § | |
| **MATTHEW DAVID LEMIRE and THE** § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiffs' Motion to Dismiss (the "Motion") (ECF No. 45) and the response filed by Defendant Mathew David Lemire ("Lemire") (ECF No. 47). This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3.

A court may dismiss an action at the plaintiff's request, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007). Rule 41(a)(2) dismissals are presumptively without prejudice unless the dismissal order states otherwise. Fed. R. Civ. P. 41(a)(2); *see also Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195 (5th Cir. 2011) ("Rule 41(a)(2) gives a district court the option of entering a voluntary dismissal either with prejudice or without prejudice . . . ."). Voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

The Court may place conditions on a voluntary dismissal to prevent unfair prejudice to the defendant. *See In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010); *see also* Fed. R. Civ. P. 41(a)(2) (noting 41(a)(2) dismissals must be "by court order, on terms that the court considers proper"). Thus, "[w]hen a court is faced with a Rule 41(a)(2) motion,

it should 'first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice.'" *In re FEMA*, 628 F.3d at 163 (quoting *Elbaor*, 279 F.3d at 317). Such prejudice exists "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *Id.* at 162-63; *see also United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

Plaintiffs' Motion "should be freely granted," unless Lemire will suffer some "plain legal prejudice." *Elbaor*, 279 F.3d at 317. Here, Lemire has not answered or requested any affirmative relief, and he does not oppose the Motion. *See* ECF No. 47.

Accordingly, the Court **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Plaintiffs' Motion (ECF No. 45) and **DISMISS** their claim against Lemire **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 6, 2024.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE